Oscar Nelson, Auditor of Public Accounts of the State of Illinois, v. Arcola State Bank et al.
In re Petition of T. E. Lyons, Receiver, Appellee, v. W. K. Donnell, Appellant.

Gen. No. 8,491.

Opin-
ion filed April 14, 1931.

R. E. Bowling, for appellant.

John McNutt, for appellee.

Mr. Presiding Justice Shurtleff delivered the opinion of the court.

This is an appeal from a proceeding before the circuit court of Douglas county, brought originally by the receiver of the Arcola State Bank against appellant, to effect a settlement and compounding of a judgment obtained by said receiver against appellant in the circuit court of Shelby county on March 22, A. D. 1927, for the sum of $9,900. Apparently transcripts of this judgment had been taken to the counties of Coles and Douglas.

There is no statement of the case from either party from which the issues in the cause can be gleaned. Appellant has presented for an abstract 139 pages, being a portion of the record very insufficiently indexed. Appellee has presented a short abstract, with much of the proceedings deleted, but does not ask for a dismissal of the appeal.

Appellant was a resident of the State of Oklahoma, where he had resided for about nine years. The bank at Arcola was apparently a ''family bank'' and the receiver and appellant, being brothers-in-law, the bank was largely owned by members of their families. The bank had been closed by the auditor of the State of Illinois some time prior to the entry of said judgment. It had been in the hands of said receiver, reopened again and run and managed by the bank for a period. Again in January or February, 1928, after the proceedings complained of, the auditor of the State had re-entered and the bank again placed in the hands of the receiver. The date of these proceedings is impossible to determine. Some time prior to said judgment being entered, appellant had forwarded his promissory judgment note to the bank from Oklahoma,

without any consideration except to bolster up the bank. The note had been renewed several times. After the entry of said judgment appellant returned from Oklahoma in the month of May, 1927, and filed his petition in the circuit court of Shelby county to open up and vacate said judgment, and for leave to plead. There was a partial hearing upon this petition in the term current in May or June, 1927, but no final determination of the proceeding at that term of court. In the circuit court of Shelby county, where said judgment was entered, the record shows, ''Oct. 22nd 27— cause settled; suit dismissed by plaintiff at his cost: costs paid—stricken''; and again on the margin of the ''Judgment by Confession in Vacation'' record No. 5, Lyons v. Donnell, there appears the following notation: ''This judgment satisfied as to the sum of $4,500.00 December 28th, 1927,'' signed by plaintiffs' attorneys.

After appellant returned from Oklahoma in May, 1927, negotiations were entered into between appellant, the receiver, and the State Auditor for a settlement and adjustment of the matter, and these negotiations resulted in an agreement among all of these parties to compound the debt and judgment in the following manner: Appellant was to make settlement of the debt and judgment by the payment of $4,500 in cash and the deposit with the receiver of a life insurance policy for $5,000 upon the life of appellant, and appellant was to pay the attorney's fee for the entry of the judgment in the circiut court of Shelby county, and some other matters that are set out in the judgment or decree. Thereupon the receiver, appellee, proceeded to prepare and present, by the agreement of all parties, a petition to the circuit court of Douglas county to effect said settlement, and such petition was presented to the circuit court of Douglas county on the 6th day of September, A. D. 1927. Proofs

were heard and the following order and decree was entered on that day:

"And, the said petition having come on to be heard, the Court finds that no notice is necessary to be given for a hearing on the same, and the Court having listened to the evidence of witnesses sworn and produced in open Court and being fully advised in the premises, finds that the allegations of the said petition are true, and, IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the prayer of the said petition be granted and that the said T. E. LYONS, Receiver of the ARCOLA STATE BANK, be and he is hereby authorized, empowered and directed to compound and compromise the claim of the ARCOLA STATE BANK against the said W. K. DONNELL upon a note of date November 17th, A. D. 1926, in the sum of NINE THOUSAND DOLLARS ($9,000), with interest at the rate of seven per cent per annum from maturity, payable to the said ARCOLA STATE BANK one year after date and signed by W. K. DONNELL, upon which judgment was taken on the 22nd day of MARCH, A. D. 1927, against the said W. K. DONNELL in the Circuit Court of Shelby County, Illinois, for the sum of NINE THOUSAND NINE HUNDRED DOLLARS ($9,900.00) and costs of suit, a transcript of which judgment was filed in the office of the Clerk of the Circuit Court of the County of Coles and State of Illinois on the 24th day of MARCH, A. D. 1927; that said claim upon said note and judgment be compounded, compromised and settled upon the following terms: The said W. K. DONNELL shall pay to the said T. E. LYONS, Receiver of the ARCOLA STATE BANK, the sum of FORTY-FIVE HUNDRED DOLLARS ($4500.00) in cash for release of judgment and transcript and execution returned by the Sheriff upon the further agreement of the said W. K. DONNELL that if and when there is any money available for his use from the oil or gas found on his land, in Oklahoma, that he will pay to the depositors, stockholders or

creditors of the ARCOLA STATE BANK the balance of the original NINE THOUSAND DOLLARS ($9000.00) note, upon which said judgment was taken, with interest at seven per cent from the date thereof, the said W. K. DONNELL as further evidence of his good faith and by way of additional security for the payment of the balance of said note, to deposit with said Receiver for the use and benefit of any and all parties interested, a FIVE THOUSAND DOLLAR ($5000.00) life insurance policy, with proper assignment thereon, as required by the Life Insurance Company, and with the further agreement on the part of the said W. K. DONNELL that the premiums on said policy will be paid promptly from time to time as it is due and payable and such policy will not be permitted to lapse, and the said W. K. DONNELL is in addition to said FORTY-FIVE HUNDRED DOLLARS ($4500.00), to pay to CARL D. KIGER, Attorney-at-law, of Mattoon, Illinois, the sum of ONE HUNDRED DOLLARS ($100.00) for Attorney's fees for taking said judgment.''

No date is fixed upon which the said sum of $4,500 should be paid, but it appears that appellee at once turned over the insurance policy and the said sum of $4,500 was paid on or before December 28, 1927. The attorney's fee was paid. The term of court in Douglas county at which said decree was entered was on or before the second Monday of said month of October, 1927. Appellant, therefore, returned to the State of Oklahoma in or prior to the month of September, 1927. Thereafter, the appellee, receiver, on the 24th day of October, 1927, without giving any notice to appellant or to any other person, presented a petition to the circuit court of Douglas county to modify the said order and decree of September 6, 1927, and secured an order and decree modifying and changing said order to read as follows:

''And now on this the 24th day of OCTOBER, A. D. 1927 being one of the judicial days of the OCTOBER

Term, A. D. 1927, of said Court, comes T. E. Lyons, Receiver of the Arcola State Bank, and presents his petition to this Court, praying for an additional order with reference to the compounding and compromising of a claim of the Arcola State Bank against one W. K. Donnell, which said petition is in words and figures as follows, to wit: . . .

"And the said petition having come on to be heard, the Court finds that no notice is necessary to be given for a hearing on the same; and the Court having listened to evidence of witnesses sworn and produced in open Court, and being fully advised in the premises, finds that the allegations of the said petition are true. It Is Therefore Ordered, Adjudged and Decreed by the Court that the prayer of the said petition be granted, and that said order heretofore entered in this matter, on the sixth day of September, A. D. 1927, allowing the said T. E. Lyons as such Receiver of the Arcola State Bank, to compound and compromise said claim with the said W. K. Donnell, be and the same is hereby set aside and esteemed and held for naught.

"It Is Further Ordered, Adjudged and Decreed by the Court that the said T. E. Lyons as such Receiver accept the said sum of Forty-Five Hundred Dollars ($4500.00) from the said W. K. Donnell; that he credit the same on the said judgment so taken by the said T. E. Lyons as such Receiver, against the said W. K. Donnell, on the 22nd day of March, A. D. 1927, in the sum of Ninety-Nine Hundred Dollars ($9900.00), and that the said T. E. Lyons as such Receiver, execute and deliver to the said W. K. Donnell a partial release of said judgment, wherein and whereby the said Receiver releases the following described premises, viz: . . . situated in the City of Mattoon, County of Coles and State of Illinois, from the lien of the said judgment and said executions."

It appears appellant never knew anything about this modification order until about a year after it was entered, and he at once filed and presented his petition to vacate the same. There was a hearing upon the petition, proofs were heard and the court denied the petition and refused to vacate the decree or order, and appellant has appealed from that order.

The proofs substantiated the facts set out in this opinion. In this record there are no proofs shown that the Arcola State Bank was indebted to anyone or that there was ever any consideration given for appellee's note of $9,000, or that there was ever any liability thereon. There are no proofs shown that there were any fraudulent statements made or misrepresentations in effecting the compounding of appellant's debt and judgment that would authorize a proceeding to set aside the settlement and order and decree of September 6, 1927. Appellee contends that neither of the orders and decrees of September 6 or October 24, 1927, are binding court orders, but merely *ex parte* orders to govern the receiver in the settlement of the estate. We cannot agree with appellee's contention. The order and decree of September 6, 1927, was made upon the stipulation of the State Auditor, the receiver, and the appellant and became a valid and binding court order upon both the receiver and the appellant. If there was any fraud, accident or mistake in the entry of the order, appellee has other means of correction than the methods taken. There are two vital reasons why the order and decree of October 24, 1927, should not stand. The term of court at which the order of September 6, 1927, was entered had passed and the court was without power or jurisdiction to modify or change it. The appellee had accepted benefits under the order and appellant had in no manner violated its terms. The order of September 6, 1927, had become and is a valid, binding order

and decree of all the parties to it. It was a debt of record. (33 Corpus Juris, 1056.) This could not be attacked in any way, except by giving appellant notice, in a proper proceeding, and a chance to be heard.

At the time the modification of the order and decree was entered, October 24, 1927, appellee had exhausted his authority under the power in the note given by appellant, and his suit in Shelby county had been dismissed and there was no judgment existing in Shelby county which formed the basis of the transcript of judgment to the Douglas county circuit court. On October 24, 1927, the only claim or demand that appellee had against appellant, as appears by these proceedings, was the decree by stipulation entered in the Douglas county circuit court on September 6, 1927.

Appellant should be charged with the costs of appellee's abstract.

For the reasons stated the order and decree of the circuit court of Douglas county is reversed and the cause remanded to that court, with directions to expunge from the records the proceedings had in this cause on October 24, 1927.

*Reversed and remanded with directions.*